BARKETT, Circuit Judge:
Winfield Winchester Roye appeals his 188-month sentence after pleading guilty to importing 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 952(a), 960(b)(2)(B), and 18 U.S.C. § 2, and failing to appear for his arraignment, in violation of 18 U.S.C. § 3146. On appeal, Roye argues that the district court erred by sentencing him as a career offender under U.S.S.G. § 4B1.1 because his prior conviction for cocaine trafficking under Florida law did not constitute a “controlled substance offense” under § 4B1.2(b).[1]
A federal defendant is a career offender subject to an enhanced sentence where he, inter alia, “has at least two prior felony convictions of either a crime of violence or a controlled substance offense.” U.S.S.G. § 4Bl.l(a). A “controlled substance offense” is defined, in pertinent part, as a felony offense “that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance, ... or the possession of a controlled substance ... with intent to manufacture, import, export, distribute, or dispense.” U.S.S.G. § 4B1.2(b). Significantly, this definition does not include the act of purchase.
*1189 On the other hand, the Florida statute under which Roye was convicted does prohibit the act of purchase. That statute provides, in pertinent part: “Any person who knowingly sells, purchases, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 28 grams or more of cocaine ..., commits a felony of the first degree, which felony shall be known as ‘trafficking in cocaine[.]’ ” Fla. Stat. § 893.135(l)(b)l. (emphasis added).
In this case, the parties agree that because the district court was unable to determine the statutorily-prohibited act for which Roye was convicted, we must assume that his prior conviction involved only the purchase of cocaine. See Johnson v. United States, — U.S. -, 130 S.Ct. 1265, 1269-70, 176 L.Ed.2d 1 (2010) (using the least prohibited act where the district court was unable to determine which aspect of the state statute the defendant violated). And because the act of purchase is not included in § 4B1.2(b), Roye argues that his prior conviction is not a “controlled substance offense.”
We agree with Roye that the plain language of § 4B1.2(b) controls this case. As we have explained, our interpretation of the Sentencing Guidelines is governed by traditional rules of statutory construction, United States v. Perez, 366 F.3d 1178, 1182 (11th Cir.2004), including the prohibition on rewriting statutes by adding or subtracting words. United States v. One 1990 Beechcraft, 619 F.3d 1275, 1278 (11th Cir.2010). Applying that rule here plainly prohibits us from adding the word “purchase” to § 4B 1.2(b). See Salinas v. United States, 547 U.S. 188, 126 S.Ct. 1675, 164 L.Ed.2d 364 (2006) (holding that the defendant’s prior drug conviction for simple possession did not constitute a “controlled substance offense” because the plain language of § 4B1.2(b) requires that the prior conviction involve possession with intent to distribute); Young v. United States, 936 F.2d 533, 537 (11th Cir.1991) (applying a similar rule of construction to the former definition of “controlled substance offense”).
In an attempt to satisfy the plain language of § 4B1.2(b), the government asserts that the purchase of 28 grams or more of cocaine necessarily involves actual or constructive possession. However, we are bound by a state’s determination of the elements of its own criminal statute, Johnson, 130 S.Ct. at 1269-70, and the Florida statute under which Roye was convicted facially distinguishes purchase from actual or constructive possession.[2] Indeed, the statute provides that “[a]ny person who knowingly ... purchases ..., or who is knowingly in actual or constructive possession of, 28 grams or more of cocaine ..., commits a felony of the first degree .... ” Fla. Stat. § 893.135(l)(b)l. (emphasis added). By disregarding the statute’s use of the disjunctive, the government’s argument runs afoul of Florida’s “elementary principle of statutory construction that significance and effect must be given to every word, phrase, sentence, and part of the statute if possible, and words in a statute should not be construed as mere surplus-age.” Mendenhall v. State, 48 So.3d 740, 749 (Fla.2010) (citations omitted).
Moreover, Florida case law confirms that purchasing a distributable quantity of drugs does not necessarily give rise to actual or constructive possession. See Ras v. State, 610 So.2d 24, 25-26 (Fla.Dist.Ct.App.1992) (reversing conviction for cocaine *1190 trafficking by possession because, even though the evidence would have supported a conviction for trafficking by purchase, the defendant never had actual or constructive possession); Roberts v. State, 505 So.2d 547, 548-50 (Fla.Dist.Ct.App.1987) (reversing convictions for the possession of marijuana because, even though the defendants had purchased 28 pounds of marijuana, they never had actual or constructive possession).
Finally, the government emphasizes that, in light of the Florida statute’s minimum weight requirement, we should infer that Roye’s prior conviction involved an intent to distribute. See United States v. James, 430 F.3d 1150, 1154-55 (11th Cir.2005). But that argument does little to satisfy the plain language of § 4B1.2(b), which requires possession with intent to distribute, not purchase with intent to distribute.[3]
In sum, because we assume that Roye’s prior conviction involved no more than purchase with intent to distribute, and this act is not included in § 4B1.2(b)’s definition, his prior conviction was not a “controlled substance offense.” As with Congress, we presume that the Sentencing Commission “said what it meant and meant what it said.” United States v. Browne, 505 F.3d 1229, 1250 (11th Cir.2007) (citation omitted). And if it had meant to include the act of purchase (with intent to distribute) as a “controlled substance offense,” it could have easily said as much. Because the Commission has said no such thing, we must conclude that the district court erred by sentencing Roye as a career offender. Accordingly, we vacate Roye’s sentence and remand for further proceedings.
VACATED AND REMANDED.

. "We review de novo a district court's decision to classify a defendant as a career offender under [U.S.S.G. § ] 4B1.1.” United States v. Whitson, 597 F.3d 1218, 1220 (11th Cir.2010).

. The government's reliance on case law from other circuits interpreting non-Florida law is therefore inapposite.

. In James, we held that the same Florida statute under which Roye was convicted constituted a “serious drug offense” for purposes of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(A)(ii). 430 F.3d at 1153-56. Although the definitions of “controlled substance offense” and "serious drug offense” are similar, James is distinguishable because the defendant’s prior conviction there involved possession with intent to distribute, see id. at 1152-56, whereas we assume here that Roye's conviction involved purchase with intent to distribute. The difference is critical because, while possession with intent to distribute is included in both definitions, purchase with intent to distribute is not.