[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12722
Non-Argument Calendar
_____

D. C. Docket Nos. 1:10-cv-22231-FAM ; 1:09-cr-20236-FAM-1

DEREK EASTON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 7, 2012)

Before HULL, EDMONDSON, and BLACK, Circuit Judges.


PER CURIAM:

Derek Easton appeals the district court's denial of his pro se 28 U.S.C.

§ 2255 motion to vacate.  In his section 2255 motion, Easton claimed his trial

counsel was ineffective for failing to challenge adequately the use of a prior drug

conviction to enhance Easton's sentence under the Armed Career Criminal Act

("ACCA").[1]  The district court adopted the magistrate judge's report and

recommendation that the motion be denied but granted Easton a certificate of

appealability ("COA") on his enhanced sentence as an armed career criminal.  No

reversible error has been shown; we affirm.

In reviewing a § 2255 proceeding, we review the district court's factual

findings for clear error and its legal conclusions de novo.  Devine v. United States,

520 F.3d 1286, 1287 (11th Cir. 2008) (citation omitted).  The ACCA requires the

court to impose a sentence of at least 15 years if a defendant possesses a firearm or

ammunition after 3 previous convictions for violent felonies or serious drug

offenses. 18 U.S.C. § 924(e)(1).

Easton's criminal history included a 2003 conviction for possession with

intent to sell cocaine within 1,000 feet of a school, in violation of Fla.Stat.Ann.

§ 893.13(1)(a).[2]  The presentence investigation report ("PSI") described that

---

[1]In his section 2255 motion, Easton also argued that his trial counsel was ineffective for failing to file an appeal on his behalf despite his request to do so.  At the evidentiary hearing, he withdrew this claim, however.

[2] Easton originally was charged with possession with intent to sell cocaine within 1,000 feet of a school, a first-degree felony under Florida law.  He eventually pleaded nolo contendere to a lesser charge of possession with intent to sell cocaine, a second-degree felony under Florida law.  The judgment, however, included a scrivener's error referencing the "1,000 feet from a school"

Easton was arrested for selling cocaine to an undercover police officer. He later pleaded nolo contendere to one count of possession with intent to sell a controlled substance.

At his change-of-plea hearing, the state court indicated that Easton was entering a plea to the charge of "possession with intent to sell," a second-degree felony. Although he filed other objections to the PSI, Easton did not object to the inclusion of his 2003 drug conviction as a predicate offense under the ACCA. See United States v. Bennett, 472 F.3d 825, 833-34 (11th Cir. 2006) (noting that when a defendant fails to object to statements in the PSI despite the opportunity to do so, he is deemed to have admitted those facts). During his sentencing hearing, Easton also did not file objections to his sentence being enhanced under the ACCA.

On appeal, Easton argues that the Shepard v. United States, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), documents in his case were ambiguous and failed to indicate the specific part of the Florida statute underpinning his conviction. He maintains that, because his plea was not supported by a factual basis, his conviction could have been for the least prohibited act under the statute -- purchasing a controlled substance -- and did not qualify as a serious drug offense. Easton further argues that United States v. Shannon, 631 F.3d 1187 (11th

---

part from the original charge.

3

Cir. 2011), mandates a finding that his prior state conviction was improperly used to enhance his sentence because that case should be used by analogy to determine that the offense of "purchase" is not a serious drug offense.

Eaton's arguments are without merit. His substantial reliance on Shannon is inapposite because our decision in that case was premised on the district court's inability to deduce from the Shepard documents the statutorily-prohibited part of the statute underpinning the defendant's conviction. See Shannon, 631 F.3d at 1189-90 (stating that a violation of Florida drug law is not a "controlled substance offense" under the Guidelines if the conviction is for the "purchase" of a controlled substance with the intent to distribute and further noting that, if the record is ambiguous, we would assume that the conviction involved a charge for the purchase of drugs, that is, the least prohibited act).

In this case, the change-of-plea hearing, as well as Easton's petition to enter a plea of nolo contendere, unambiguously indicates that Easton was convicted of second-degree possession with intent to sell cocaine. None of the pertinent documents make a reference to Easton's being convicted of a purchase offense. In addition, Easton has failed to provide support for his assertion that the "possession with intent to sell" language used at his change-of-plea hearing was merely shorthand for his statute of conviction, as opposed to a clear indicator that he was

4

convicted of possession with intent to sell. Because a second-degree felony is punishable by up to 15 years' imprisonment under Florida law, Easton's conviction for possession of cocaine with intent to sell constitutes a serious drug offense under the ACCA. See Fla Stat. Ann. §§ 775.082(3)(c), 893.13(1)(a) (1987); 18 U.S.C. § 924(e)(2)(A)(ii).

Accordingly, the district court properly concluded that Easton's 2003 state conviction was a proper predicate offense under the ACCA; and his trial counsel could not have been ineffective for failing to challenge that conviction.

AFFIRMED.