[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12934
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cr-00296-KOB-TMP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER JERMAINE CRAIG,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(May 31, 2013)

Before CARNES, BARKETT, and FAY, Circuit Judges.

PER CURIAM:

Christopher Craig appeals his 70-month sentence, imposed after a jury conviction for being a felon in possession of a firearm.  On appeal, Craig argues that the district court erred in finding that his prior Alabama conviction for unlawful possession of marijuana in the first degree qualified as a "controlled substance offense" within the meaning of U.S.S.G. § 4B1.2(b), which increased his base offense level.  For the reasons set forth below, we affirm Craig's sentence.

## I.

In 2011, a federal grand jury returned an indictment, charging Craig with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and, after a jury trial, Craig was convicted of the charged offense.

The presentence investigation report ("PSI") assigned Craig a base offense level of 20 pursuant to U.S.S.G. § 2K2.1(a)(4) because he had a prior felony conviction for a "controlled substance offense," as defined by U.S.S.G. § 4B1.2(b).  Specifically, Craig had a prior Alabama conviction for possession of marijuana in the first degree.  According to the PSI, the Alabama indictment charged Craig with unlawful possession of marijuana "for other than personal use in violation of Ala. Code § 13A-12-213."  Based on a total offense level of 20 and a criminal history category of V, Craig's guideline range was 63 to 78 months' imprisonment.

Craig filed objections to the PSI, arguing, among other things, that the PSI incorrectly characterized his prior Alabama conviction as a "controlled substance

2

offense" under the Guidelines.  Moreover, the Alabama indictment did not state that he possessed marijuana with intent to "manufacture, import, export, distribute, or dispense," as required under § 4B1.2.  Finally, Craig asserted that this case is distinguishable from prior cases in which the probation officer imposed the same offense level increase by relying on unpublished cases from this Court addressing the definition of a "serious drug offense[]" under the Armed Career Criminal Act ("ACCA").  In support of his objections, Craig attached the "case action summary" and the indictment from his Alabama criminal proceeding.  The indictment charged that Craig "did unlawfully possess marihuana for other than personal use, in violation of Section 13A-12-213 of the Alabama Criminal Code."

At the sentencing hearing, the district court addressed Craig's objection to the guideline calcluations, stating,

> I think you made a good argument, but I think the argument is basically addressed in [*United States v. Goodlow*, 389 F. App'x 961 (11th Cir. 2010)].  And although that is an unpublished decision, it does rely on published decisions by the Eleventh Circuit in reaching its conclusion that possession of marijuana in the first degree for other than personal use under Alabama law is a controlled substance offense.

Thus, the district court overruled Craig's objection to the PSI's characterization of his prior marijuana offense as a controlled substance offense.  Ultimately, the court adopted the guideline calculations and imposed a 70-month sentence.

## II.

3

We review *de novo* the district court's legal interpretations of the Sentencing Guidelines. *United States v. Fulford*, 662 F.3d 1174, 1177 (11th Cir. 2011). We may disregard the holding of a prior panel's opinion only if the Supreme Court, or this Court sitting *en banc*, overrules that opinion. *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009).

Under the Sentencing Guidelines, a defendant convicted of being a felon in possession of a firearm under § 922(g)(1) ordinarily faces a base offense level of 14 as a "prohibited person." U.S.S.G. § 2K2.1(a)(6) & comment. (n.3). The offense level increases to 20 if the defendant has at least one prior conviction for a "controlled substance offense." *Id.* § 2K2.1(a)(4)(A). Pursuant to § 4B1.2(b), the term "controlled substance offense" means a felony offense under federal or state law that "prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance," or possession with intent to do the same. *Id.* § 4B1.2(b). Under the ACCA, the term "serious drug offense" means "an offense under [s]tate law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance." 18 U.S.C. § 924(e)(2)(A)(ii). Under § 13A-12-213(a)(1), a person commits the crime of unlawful possession of marijuana in the first degree if he possesses marijuana "for other than personal use."

4

In *United States v. Robinson*, 583 F.3d 1292 (11th Cir. 2009), a case involving the review of § 13A-12-213(a) under the ACCA, we held that a defendant's prior conviction under the statute qualified as a "serious drug offense" within the meaning of the ACCA. 583 F.3d at 1293-96. We explained that a "serious drug offense" is defined as a state law offense, "involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance." *Id.* at 1294. Upon reviewing the statute, we concluded that "§ 13A-12-213(a)(1) covers distribution offenses." *Id.* at 1295. Noting that the Alabama statute "does not define the phrase 'for other than personal use,'" we concluded that the statute "necessarily punishes possession for someone else's use." *Id.* at 1296. "In other words, [§] 13A-12-213 punishes the possession of marijuana with the intent to distribute to another." *Id.*

Research does not reveal, and Craig does not identify, a published opinion from this Court, addressing whether a conviction under § 13A-12-213 qualifies as a "controlled substance offense" within the meaning of § 4B1.2(b). However, in *Goodlow*, the unpublished decision that the district court applied to resolve Craig's objections, we relied on *Robinson* in concluding that the "for other than personal use" prong of § 13A-12-213 punishes marijuana with intent to distribute and, as such, it qualified as a controlled substance offense under § 4B1.2(b). *See Goodlow*, 389 F. App'x at 968.

5

Because *Robinson* is binding precedent and establishes that a violation of § 13A-12-213 necessarily punishes possession of marijuana with the intent to distribute, Craig cannot establish that the district court erred in characterizing his prior Alabama conviction as a controlled substance offense under § 4B1.2(b).  *See Robinson*, 583 F.3d at 1295-96; *Kaley*, 579 F.3d at 1255.  Craig's Alabama indictment charged him under the prong of § 13A-12-213 that criminalizes possession of marijuana "for other than personal use."  Although in the context of the ACCA, we held, in *Robinson*, that a conviction for possession of marijuana "for other than personal use" under § 13A-12-213 covers distribution offenses.  *See Robinson*, 583 F.3d at 1295.  Thus, Craig's argument on appeal—that his Alabama offense was not a controlled substance offense because the indictment did not specifically allege that he possessed marijuana with intent to manufacture, import, distribute, or dispense marijuana—is unpersuasive.  *See id.*  Under the Guidelines, the term "controlled substance offense" includes state felony offenses for possession with intent to distribute.  U.S.S.G. § 4B1.2(b).  As such, applying *Robinson* to the instant circumstances, the district court did not err in determining that Craig had at least one prior conviction for a "controlled substance offense" within the meaning of § 4B1.2(b).

Finally, Craig's reliance on our decision in *United States v. Shannon*, 631 F.3d 1187 (11th Cir. 2011), is misplaced.  In *Shannon*, we reviewed a Florida

6

statute, which criminalizes, among other things, the act of *purchasing* 28 grams or more of cocaine. *Shannon*, 631 F.3d at 1188-89 (emphasis added). Because the district court was unable to determine the statutorily-prohibited act for which the defendant was convicted, we assumed that his conviction involved only the purchase of cocaine. *Id.* at 1189. In reviewing whether the prior Florida conviction qualified as a controlled substance offense, we found it significant that the definition of a controlled substance offense in § 4B1.2(b) "does not include the act of purchase." *Id.* at 1188. Applying the plain language of § 4B1.2(b), we held that the defendant's prior conviction did not qualify as a controlled substance offense because the offense involved "no more than the purchase with intent to distribute," which is not an act that is covered by § 4B1.2(b). *See id.* at 1189-90. Here, Craig's offense did not involve the act of purchasing drugs and, as such, our decision in *Shannon* is not directly applicable. Moreover, as discussed above, we have specifically addressed the Alabama statute at issue in the instant case and concluded that it covers distribution offenses, which is included in § 4B1.2(b)'s definition of a controlled substance offense.

For the foregoing reasons, we affirm Craig's sentence.

**AFFIRMED.**

7