[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15100
Non-Argument Calendar
_____

D.C. Docket Nos. 1:12-cv-20370-MGC,
1:10-cr-20488-MGC-5

JUAN ENRIQUE RODRIGUEZ,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 24, 2014)

Before PRYOR, MARTIN, and FAY, Circuit Judges.

PER CURIAM:

Juan Enrique Rodriguez, a federal prisoner proceeding pro se, appeals the

district judge's denial of his habeas petition under 28 U.S.C. § 2255.  We affirm.

## I. BACKGROUND

A. Prior Convictions

On June 14, 1993, Rodriguez with counsel pled guilty to cocaine trafficking, in violation of Florida Statute § 893.135(1)(b).  He was sentenced to 15 years of imprisonment.  Pursuant to his plea agreement, upon surrender, his sentence would be mitigated to the mandatory minimum under § 893.135(1)(b), 5 years of imprisonment.  On July 2, 1993, Rodriguez appeared before a state judge without counsel and received the mitigated sentence.

In 1997, Rodriguez was convicted of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  He was sentenced to 135 months of imprisonment.  His sentence subsequently was reduced to 90 months of imprisonment, pursuant to the government's Federal Rule of Criminal Procedure 35 motion.

B. Conviction and Sentence

In 2009, the Bureau of Alcohol, Tobacco and Firearms and the Miami-Dade Police Department conducted a year-long investigation into the narcotics-trafficking activities of Rodriguez's co-defendant, Jose Enriquez.  During that investigation, Rodriguez was intercepted 182 times on court-authorized wiretapped calls and participated in four cocaine transactions that involved a total of approximately 1.5 kilograms of cocaine.  Rodriguez and 15 co-defendants were

2

indicted in June 2010.  Rodriguez was charged with conspiracy to possess with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), 846 (Count 1); possession with intent to distribute 500 or more grams of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(ii) (Counts 9 and 13); possession with intent to distribute 5 or more grams of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(A), (b)(1)(B)(iii) (Count 16); and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count 33).

In 2010, Rodriguez pled guilty to Count 33, possession with intent to distribute cocaine.  In January 2011, the district judge sentenced Rodriguez to 151 months of imprisonment, based on his status as a career offender, under U.S.S.G. § 4B1.1.  Rodriguez's career-offender status resulted from his two prior controlled-substance offenses, including the 1993 Florida cocaine-trafficking conviction.

C. Habeas Petition

In 2012, Rodriguez filed a habeas petition under 28 U.S.C. § 2255 and alleged his counsel's ineffective assistance for failing to challenge his career-offender status, because his 1993 conviction was uncounseled and did not qualify as a "controlled substance offense" under U.S.S.G. § 4B1.2(b).  Rodriguez alleged he had pled guilty in the 1993 Florida case in return for being released on bond until he finished repairing his home, which had been damaged by a hurricane.  The

state had agreed to this arrangement on the condition that the state judge impose a 15-year imprisonment sentence, which would be mitigated to 5 years, when Rodriguez surrendered to serve his sentence. After his release on bond, Rodriguez's counsel obtained an extension of his surrender date to July 2, 1993. Rodriguez represents he returned to state court on July 2, 1993, without counsel, whom he had been unable to reach, and intended to seek an additional extension. Rodriguez asserted he had intended to withdraw his guilty plea if the state judge denied a second extension. Because his counsel was not present, the state judge imposed a 5-year sentence and remanded Rodriguez to custody. Rodriguez contended he had been denied counsel at a critical stage of the state proceedings. Because his counsel in his federal prosecution failed to argue the uncounseled state conviction could not be used as a basis for a career-offender enhancement, Rodriguez argued his counsel was ineffective.

Rodriguez also argued his state conviction did not qualify as a "controlled substance offense" under the career-offender guidelines. He contended § 893.135 encompassed conduct, such as cocaine possession, that did not satisfy the U.S.S.G. § 4B1.2(b) definition of "controlled substance offense." Rodriguez submitted a copy of the state information in his 1993 Florida case, which alleged Rodriguez "did knowingly sell, manufacture or deliver and/or was knowingly in actual or constructive possession of" cocaine, in violation of § 893.135(1)(b). R1-8 at 15.

4

He additionally argued his counsel rendered ineffective assistance by failing to object to his career-offender enhancement.

A magistrate judge issued a Report and Recommendation ("R&R"), recommending Rodriguez's § 2255 motion be denied. In his R&R objections, Rodriguez argued, for the first time, he had pled guilty to buying cocaine, but not to possessing it, in his 1993 Florida case. The district judge adopted the R&R and denied Rodriguez's § 2255 motion. The judge granted a certificate of appealability ("COA") for Rodriguez's claim that his counsel rendered ineffective assistance by failing to object to his career-offender status, because his prior state conviction had been uncounseled and did not qualify as a controlled-substance offense under the career-offender Guidelines. This court denied Rodriguez's request to enlarge the scope of the COA. On appeal, Rodriguez argues the district judge erroneously denied his claims that his counsel rendered ineffective assistance by failing to object to his classification as a career offender on multiple grounds.[1]

---

[1] By failing to make any arguments on appeal to support his claim that his state surrender proceeding constituted a "resentencing" entitling him to counsel, Rodriguez has abandoned this issue. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam) (recognizing that, although pro se briefs are to be construed liberally, a pro se litigant who offers no substantive argument on an issue in his initial brief abandons that issue on appeal). Because they are outside the scope of the COA, Rodriguez's arguments that his counsel was ineffective for failing to file a Federal Rule of Criminal Procedure 35(a) motion to correct sentence, to file an appeal, and to advise Rodriguez to file an appeal are not properly before us. *See Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1356 (11th Cir. 2007) (recognizing the law of this circuit prohibits consideration of any issue not specified in the COA).

## II. DISCUSSION

We review de novo a claim of ineffective assistance of counsel, which is a mixed question of fact and law. *Payne v. United States*, 566 F.3d 1276, 1277 (11th Cir. 2009) (per curiam). To establish ineffective assistance of counsel, Rodriguez must show his (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). Prejudice is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* at 694, 104 S. Ct. at 2068. The petitioner bears the burden of proof on both prongs of an ineffective-assistance claim. *Johnson v. Alabama*, 256 F.3d 1156, 1176 (11th Cir. 2001).

To qualify as a career offender, a defendant must have at least two prior felony convictions for either a crime of violence or a controlled-substance crime. U.S.S.G. § 4B1.1(a)(3). A sentencing court cannot ignore or discount a prior conviction that has not been invalidated in a prior proceeding, unless there was an unwaived absence of counsel in the proceedings resulting in that conviction. *United States v. Phillips*, 120 F.3d 227, 231 (11th Cir. 1997). In § 4B1.1, "controlled substance offense" is defined as:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the

6

> possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b).

> Florida's cocaine-trafficking statute provides:

> Any person who knowingly sells, purchases, manufactures, delivers, or brings into [Florida], or who is knowingly in actual or constructive possession of, 28 grams or more of cocaine, . . . or of any mixture containing cocaine, but less than 150 kilograms of cocaine or any such mixture, commits a felony of the first degree, which felony shall be known as "trafficking in cocaine" . . . .

Fla. Stat. § 893.135(1)(b)1.  Under the version of § 893.135(1)(b) in effect at the time of Rodriguez's arrest in his 1993 Florida case, a 5-year mandatory minimum sentence applied to violations of § 893.135(1)(b) involving at least 200, but less than 400, grams of cocaine.  *Id.* § 893.135(1)(b)1.b. (1992).

We have held § 893.135(1)(b) necessarily infers an intent to distribute once a defendant possesses 28 grams or more of cocaine, and that a prior conviction for cocaine trafficking by possessing between 200 and 400 grams of the drug qualified as a "serious drug offense" under the Armed Career Criminal Act, 18 U.S.C. § 924(e).  *United States v. James*, 430 F.3d 1150, 1155-56 (11th Cir. 2005).  We subsequently determined, where a court is unable to determine the statutorily prohibited act for which a defendant previously was convicted under § 893.135(1)(b), it must be assumed the prior conviction involved only the purchase of a controlled substance, the least prohibited act under the statute.

7

*United States v. Shannon*, 631 F.3d 1187, 1189 (11th Cir. 2011) (holding the district judge erred by sentencing the defendant as a career offender based on a prior § 893.135 conviction, because it could not be determined whether the prior conviction merely involved buying cocaine, which would not qualify as a "controlled substance offense" under § 4B1.2(b)).  Had the district judge been able to determine the prior § 893.135 conviction involved possessing cocaine—as opposed to buying, which did not necessarily entail possessing—we recognized the judge would have been entitled to infer an intent to distribute.  *See id*. at 1189-90 & n.3 (citing *James*, 430 F.3d at 1152-56).

Rodriguez does not dispute he was represented by counsel, when he pled guilty to and was sentenced for violating § 893.135(1)(b).  He has cited no authority for the proposition that a prior conviction may not form the basis for a career-offender enhancement based solely on the absence of counsel during a surrender proceeding in which a state judge mitigates a previously imposed sentence in accordance with an existing plea agreement.

Regardless of whether he would have been entitled to counsel to assist with a motion to withdraw his guilty plea in state court, Rodriguez has not alleged he sought to extend the deadline for his surrender or informed the state judge he wanted to withdraw his plea.  Nor has Rodriguez alleged he told his federal defense counsel he had intended to withdraw his plea if the state judge did not

8

grant his request for an extension.  Therefore, he has not met his burden of showing either that his federal defense counsel performed deficiently by failing to object to the use of his § 893.135 conviction as a basis for his career-offender enhancemen, because it was "uncounseled," or that such an objection would have yielded a different result.  *Strickland*, 466 U.S. at 687, 694, 104 S. Ct. at 2064, 2068; *Johnson*, 256 F.3d at 1176.

Rodriguez also has not shown his § 893.135 conviction did not satisfy the § 4B1.2(b) definition of "controlled substance offense."  He has alleged no facts to support his allegation that his § 893.135 conviction was for buying but not possessing cocaine.  He further has not alleged any facts suggesting his counsel should have known he was convicted of buying but not possessing cocaine.  The charging document in his 1993 Florida case did not allege Rodriguez had bought cocaine; instead, it alleged Rodriguez "did knowingly sell, manufacture or deliver and/or was knowingly in actual or constructive possession of" cocaine.  R1-8 at 15.  Similarly, nothing in the state judgment or sentencing document suggests the conviction involved buying cocaine but not possessing it.

The district judge was entitled to infer an intent to distribute from the amount of cocaine required to establish a violation of § 893.135.  *See James*, 430 F.3d at 1155-56 (recognizing a violation of Florida's drug trafficking statute, Fla. Stat. § 893.135, constitutes a predicate offense because the "statute necessarily

9

infers an intent to distribute [cocaine] once a defendant possesses 28 grams or more"); *see also Shannon*, 631 F.3d at 1189-90 & n.3 (stating a violation of Florida's drug law is not a "controlled substance offense" under the Guidelines if the conviction is for the "purchase" of a controlled substance with the intent to distribute). Specifically, the judgment in his 1993 Florida case showed Rodriguez's mitigated 5-year sentence was the mandatory-minimum sentence under § 893.135(1). Under the then-current version of § 893.135(1), a 5-year, mandatory-minimum-imprisonment sentence applied to violations of § 893.135(1)(b) involving at least 200 but less than 400 grams of cocaine. Fla. Stat. § 893.135(1)(b)1.b. (1992). Consequently, Rodriguez has not met his burden of showing either his federal defense counsel performed deficiently by failing to argue his § 893.135 conviction did not qualify as a "controlled substance offense" under § 4B1.2(b) or, had his counsel made that argument, the result would have been different. *See Strickland*, 466 U.S. at 687, 694, 104 S. Ct. at 2064, 2068; *Johnson*, 256 F.3d at 1176.

**AFFIRMED.**

10