[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17650
Non-Argument Calendar
_____

D.C. Docket No. 8:16-cr-00022-SCB-JSS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JASON LEE DOVER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 29, 2017)

Before WILSON, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Jason Dover appeals his sentence for conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine.  He argues that the district court incorrectly applied a career-offender enhancement because the Florida drug-trafficking statute under which he was previously convicted does not have an element of intent to distribute, and therefore, cannot satisfy the controlled-substance offense definition under the enhancement.  He further argues that because the Florida statute prohibits mere purchase, which is broader than the controlled-substance offense definition, the district court could not apply the enhancement as his plea of nolo contendere did not admit to any particular facts.  After careful review of the record and the parties' briefs, we affirm.

I.

When reviewing the district court's findings with respect to guidelines issues, we consider legal issues de novo, factual findings for clear error, and the court's application of the United States Sentencing Guidelines (Guidelines) to the facts with due deference, which is akin to clear error review.  *United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010).  Whether the defendant qualifies as a career offender is a question of law that we review de novo.  *United States v. Gibson*, 434 F.3d 1234, 1243 (11th Cir. 2006).

II.

2

The Guidelines provide for enhanced penalties for certain defendants with two or more prior felony convictions for either a crime of violence or a controlled-substance offense.  U.S.S.G. § 4B1.1(a).  A "controlled substance offense" is "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance … or the possession of a controlled substance … with intent to manufacture, import, export, distribute, or dispense."  *Id.* § 4B1.2(b).

At the time of Dover's convictions, Florida's drug-trafficking statute provided felony penalties for any person "who knowingly sells, purchases, manufactures, delivers, or brings into [Florida], or who is knowingly in actual or constructive possession of … 14 grams or more of … methamphetamine."  Fla. Stat. § 893.135(1)(f)1 (2007).

A sentencing "court should look [only] at the elements of the convicted offense [and] not the conduct underlying the conviction, in determining [whether] a prior conviction is a controlled-substance offense under [U.S.S.G.] § 4B1.2."  *United States v. Lipsey*, 40 F.3d 1200, 1201 (11th Cir. 1994) (per curiam).  Where the statutory language encompasses some offenses that would satisfy the enhancement statute and others that would not, the sentencing court may look to

3

*Shepard*[1] documents, which are a narrow universe of documents that includes any charging documents, the written plea agreement, the transcript of the plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *United States v. Palomino Garcia*, 606 F.3d 1317, 1336–37 (11th Cir. 2010). This modified categorical approach may be used in cases where the defendant pleaded no contest to the prior offenses. *See, e.g.*, *United States v. Diaz-Calderone*, 716 F.3d 1345, 1347–48 (11th Cir. 2013). With this background, we will address each of Dover's arguments in turn.

### III.

First, Florida's drug-trafficking statute has an implicit intent-to-distribute element. We compared it to Georgia's drug-trafficking statute and held that the statute infers intent to distribute from the quantity of drugs. *United States v. James*, 430 F.3d 1150, 1154–55 (11th Cir. 2005), *overruled on other grounds by Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015). In *James*, we evaluated whether a conviction under Florida's drug-trafficking statute qualified as a "serious drug offense" under the Armed Career Criminal Act (ACCA). *Id.* at 1153. We stated that it was not necessary that the statute include an explicit reference to the intent-to-distribute element under the ACCA's definition of a "serious drug offense," because that definition includes any offense "involving"

---

[1] *Shepard v. United States*, 544 U.S. 13, 26, 125 S. Ct. 1254, 1263 (2005).

intent to distribute.[2]  *Id*. at 1154–55.  We also explained that holding that a drug-trafficking conviction in Florida was not a serious drug offense would produce an anomalous result, as drug trafficking is the most serious drug offense in the state. *Id.* at 1155.

In *United States v. White*, we concluded that a defendant's conviction under a similar Alabama statute was a serious drug offense under the ACCA and that the court is "bound under the prior precedent rule to follow our decision in *James* unless and until it is abrogated by an en banc decision or by a Supreme Court decision."  *United States v. White*, 837 F.3d 1225, 1235 (11th Cir. 2016) (per curiam), reh'g denied en banc, __ F.3d __ (11th Cir. August 24, 2017).  We noted that *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276 (2013) and *Mathis v. United States*, 579 U.S. ___, 136 S. Ct. 2243 (2016) did not overrule or abrogate *James*, because they addressed only the question of when a court may use a modified categorical approach and did not address whether it is appropriate to infer intent to distribute based on the quantity of drugs.  *Id*. at 1235 & n.13.

Therefore, because Dover's predicate convictions met the threshold quantity amount, an intent to distribute is inferred in each conviction.  Dover's prior drug-trafficking convictions were for 14 and 28 grams of methamphetamine.  At the

---

[2] The ACCA defines a serious drug offense, in part, as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance" and punishable by a maximum term of imprisonment of ten years or more.  18 U.S.C. § 924(e)(2)(A)(ii).

time of his convictions, 14 or more grams of methamphetamine was the threshold to trigger an element of intent to distribute. *See* Fla. Stat. § 893.135(1)(f)1 (2007).

Second, we can determine that Dover was not convicted of the purchase of methamphetamine, the least culpable conduct under the Florida statute, because the charging documents do not include it, and therefore, we can eliminate the possibility of his convictions not amounting to controlled-substance offenses. Under the modified categorical approach, we are able to examine *Shepard* documents in order to decide whether Dover's convictions meet the career-offender enhancement requirements. *See Palomino Garcia*, 606 F.3d at 1328–29. In *Shannon*, we held that a conviction for purchase of drugs under Florida's drug-trafficking statute was not a controlled-substance offense, because § 4B1.2(b) does not include purchase of drugs as a controlled-substance offense. *United States v. Shannon*, 631 F.3d 1187, 1190 (11th Cir. 2011). Though we acknowledged that possession with intent to distribute was a controlled-substance offense, we explained that if a sentencing court could not determine the statutorily-prohibited act for which the defendant was convicted, it must assume that he was convicted for mere purchase, the least culpable conduct. *Id.* at 1189–90.

Here, unlike *Shannon*, the district court could determine that Dover's trafficking convictions were not based upon mere purchase, despite his no-contest plea. Although Dover did not admit to any particular set of facts in his plea

colloquy, the court could determine the basis for his convictions based on the other allowable documents. Specifically, the charging documents in those convictions charged him with sale, delivery, or possession of the requisite amount of drugs, not with purchase. Thus, although mere purchase is not a controlled-substance offense, the district court was not required to assume that Dover's convictions were for purchase.

## IV.

The district court correctly determined that Dover's drug-trafficking offenses qualified as controlled-substance offenses. In those convictions, the charging documents did not charge Dover with purchase but rather with the sale, delivery, or possession of the requisite amount of drugs. These predicate felonies are enough to implicate the career-offender enhancement in light of his last conviction.

**AFFIRMED.**