[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 16-15763
Non-Argument Calendar
_____

D.C. Docket Nos. 1:15-cv-00061-WLS-TQL; 1:12-cr-00013-WLS-TQL-1

JOHNNIE KENON,

                                                    Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                    Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(February 5, 2018)

Before WILSON, JORDAN and FAY, Circuit Judges.

PER CURIAM:

Johnnie Kenon, a federal prisoner, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his 294-month sentence.  We affirm.

## I. BACKGROUND

In 2013, Kenon pled guilty to conspiracy to possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 846 and in connection with 21 U.S.C. § 841(a)(1), (b)(1)(A)(ii).  In the final Presentence Investigation Report ("PSI"), the probation officer determined Kenon was a career offender pursuant to U.S.S.G. § 4B1.1(b)(1), based on two prior convictions: (1) a 2005 Florida conviction for trafficking in cocaine, in violation of section 893.135, Florida Statutes; and (2) a 2006 Florida conviction for aggravated assault with a firearm, aggravated assault with a deadly weapon, and violation of an injunction. The factual allegations concerning the Florida drug trafficking conviction were set out in the PSI, including that officers had "discovered approximately 139.4 grams of suspected powder cocaine beneath a floor mat" of Kenon's vehicle.

Based on a career offender offense level of 34 and a criminal history category of VI, the probation officer determined that the guidelines imprisonment range was 262 to 327 months.  Although Kenon's attorney objected to the PSI, he did not raise a specific challenge to the determination of the Florida trafficking conviction as a controlled substance offense for purposes of the career offender determination; nor did he object to the factual allegations set out in the PSI.  At the

sentencing hearing, Kenon's attorney made various arguments about the prior convictions that were the basis for the career offender determination but again did not argue that Kenon's prior Florida conviction for drug trafficking was not a qualifying controlled substance offense under the career offender guidelines.

The district court agreed that the guidelines sentencing range was 262 to 327 months imprisonment and sentenced Kenon to 294 months of imprisonment. Kenon raised no further objections to the sentence. Kenon appealed. His attorney filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), and moved to withdraw. This court found no arguable issues of merit, granted the motion to withdraw, and affirmed Kenon's conviction and sentence. *United States v. Kenon*, 559 F. App'x 938 (11th Cir. 2014).

In March 2015, Kenon filed a § 2255 motion to vacate. He asserted that his counsel was ineffective for failing to challenge the use of a prior conviction to classify him as a career offender and for failing to raise arguments under *United States v. Shannon*, 631 F.3d 1187 (11th Cir. 2011). He contended that his counsel should have argued that, under *Shannon*, his prior Florida conviction for trafficking in cocaine should not have been used to classify him as a career offender because the conviction is not a controlled substance offense.

The court appointed new counsel for Kenon and held a hearing in December 2015. Kenon's trial counsel testified that he had researched the subject of career

3

offender designation in preparation for Kenon's sentencing and understood the importance of the prior convictions to the career offender determination process. He had advised Kenon of the career offender designation months before the plea, and Kenon did not contest the facts of the Florida drug trafficking conviction. Counsel also testified that he had confirmed the validity of the convictions that were used to support the career offender designation.

Following the hearing and briefing on the § 2255 motion, the magistrate judge issued a report and recommendation, finding that the *Shepard* documents[1] introduced by Kenon showed that he possessed more than 28 grams of cocaine and that an intent to distribute cocaine was inferred from the possession of more than 28 grams of cocaine. The magistrate judge therefore concluded that Kenon's prior conviction for trafficking in cocaine satisfied the definition of a "controlled substance offense" under U.S.S.G. § 4B1.2(b), and Kenon had failed to show that his attorney's assistance was ineffective.

The district court adopted the magistrate judge's finding that the *Shepard* documents established that Kenon was convicted of possessing more than 28 grams of cocaine, and that the statute under which Kenon was convicted inferred intent to distribute from possession of more than 28 grams of cocaine. The court

---

[1] In the context of a guilty or nolo contendere plea, *Shepard* documents include the indictment or information, the transcript of the plea colloquy, the written plea agreement presented to the court, or any "record of comparable findings of fact adopted by the defendant upon entering the plea." *Shepard v. United States*, 544 U.S. 13, 20-21, 26, 125 S. Ct. 1254, 1259-60, 1263 (2005).

determined that "reasonable jurists could disagree as to whether Kenon's counsel was ineffective in failing to object to the career offender enhancement" and, therefore, granted a certificate of appealability as to that issue only.  R. at 620.

On appeal, Kenon argues that his counsel was ineffective when counsel failed to object to and challenge the use of his Florida drug trafficking conviction to classify him as a career offender.

## II. DISCUSSION

When reviewing the district court's denial of a motion to vacate, we review legal issues de novo and findings of fact for clear error.  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004).  Under the *Strickland* standard, a defendant must show that (1) counsel's performance was deficient, and (2) counsel's deficient performance prejudiced the defense.  *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).  In determining whether counsel's conduct fell below an objective standard of reasonableness, the court's review must be "highly deferential."  *Id.* at 689, 104 S. Ct. at 2065.

It is the defendant's burden to overcome the presumption of adequate representation and prove that no competent counsel would have taken the action that his counsel did take.  *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc).  As to the second prong, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result

of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

To qualify as a career offender, a defendant must have two prior felony convictions for a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a)(3). The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance or the possession of a controlled substance with intent to manufacture, import, export, distribute, or dispense. U.S.S.G. § 4B1.2.

Section 893.135, Florida Statutes, indicates that any person who knowingly sells, purchases, manufactures, delivers, or brings into the state, or who is knowingly in actual or constructive possession of, 28 grams or more of cocaine, but less than 150 kilograms of cocaine or any such mixture, commits a felony of the first degree, known as "trafficking in cocaine." Fla. Stat. § 893.135.

Kenon qualified for the career offender enhancement based on his two prior convictions. *See* U.S.S.G. §§ 4B1.1(a)(3), 4B1.2. The record shows that Kenon was convicted of drug trafficking in Florida. He admitted, in the plea colloquy, that he had possessed over 28 grams of cocaine, which fits the definition of trafficking in section 893.135. Drug trafficking fits the definition of a controlled substance offense in § 4B1.2. *See* U.S.S.G. §§ 4B1.1(a)(3), 4B1.2. Moreover,

6

Kenon's reliance on *Shannon* is misplaced, because that case dealt only with the purchase of cocaine. *See Shannon*, 631 F.3d at 1190 ("[B]ecause we assume that Roye's prior conviction involved no more than purchase with intent to distribute, and this act is not included in § 4B1.2(b)'s definition, his prior conviction was not a 'controlled substance offense.'").

Counsel did not err by failing to object to Kenon's career offender designation, as the designation was proper. *See Strickland*, 466 U.S. at 687. Kenon did not meet his burden to show that no competent counsel would have taken the action that his counsel did take. *See Chandler*, 218 F.3d at 1315. Additionally, Kenon cannot show that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceedings would have been different. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Accordingly, the district court did not err in denying Kenon's § 2255 motion. *See Lynn*, 365 F.3d at 1232.

**AFFIRMED.**