[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 18-15233
Non-Argument Calendar

————————————————

D.C. Docket No. 3:17-cr-00221-MMH-JBT-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

XAVIER THOMAS ALEXANDER,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Florida

————————————————

(February 6, 2020)

Before JORDAN, GRANT, and TJOFLAT, Circuit Judges.

PER CURIAM:

Xavier Alexander appeals his 120-month sentence for conspiracy to distribute cocaine, challenging the district court's determination that he is a career offender for sentencing purposes based on his two prior state felony convictions for sale of cocaine and possession of cocaine with intent to sell.  *See* Fla. Stat. § 893.13.  On appeal, Alexander argues that these crimes cannot be "controlled substance offenses" that trigger the career-offender designation under the Sentencing Guidelines because (1) the more serious offense of Florida cocaine trafficking is not considered a controlled substance offense, and (2) the Florida statute defining his offenses, § 893.13(1) of the Florida Statutes, does not contain a mens rea requirement as to the illicit nature of the substance involved.  These arguments are foreclosed by the plain language of the Sentencing Guidelines and by binding precedent.

We review de novo the question whether a defendant qualifies as a career offender under the Sentencing Guidelines.  *United States v. Pridgeon*, 853 F.3d 1192, 1198 n.1 (11th Cir. 2017).  To be a career offender, a defendant must have two or more prior felony convictions that qualify as "either a crime of violence or a controlled substance offense."  United States Sentencing Commission, Guidelines Manual § 4B1.1(a).  The Guidelines define a "controlled substance offense" as a felony that involves "the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled

2

substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." *Id.* § 4B1.2(b).

In interpreting these provisions, we apply the usual rules of statutory construction, beginning with the plain language of the guideline. *United States v. Shannon*, 631 F.3d 1187, 1189 (11th Cir. 2011). In *Shannon*, therefore, we held that a conviction for Florida cocaine trafficking involving only the purchase of cocaine was not a "controlled substance offense" under § 4B1.2(b) because the purchase of cocaine "does not necessarily give rise to actual or constructive possession" of the drug under Florida law, and the act of purchasing cocaine is not covered by the plain language of the guideline. *Id.* at 1188–90. We noted that a violation of the same Florida drug trafficking statute that involved *possession* with intent to distribute cocaine—rather than purchase with intent to distribute—would meet the definition of a controlled substance offense. *Id.* at 1190 & n.3. Contrary to Alexander's argument, whether a prior state felony is a controlled substance offense for purposes of the career-offender guideline depends on whether the state offense meets the definition of that term in § 4B1.2(b)—not on the seriousness of the offense or the severity of the penalty under state law. *Cf. id.* at 1190–91 (Marcus, J., specially concurring).

In *United States v. Smith*, we determined that a violation of § 893.13(1) of the Florida Statutes—which provides that, with exceptions not relevant here, "a

3

person may not sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance"—squarely meets the definition of a "controlled substance offense" under the Guidelines.  775 F.3d 1262, 1267 (11th Cir. 2014).  We specifically rejected the argument that because the Florida statute does not require proof that the defendant knew that the substance was illegal, a violation of § 893.13(1) should not qualify as a controlled substance offense.  *Id.*; *see also Pridgeon*, 853 F.3d at 1197–98.  As we explained in *Smith*, no "element of *mens rea* with respect to the illicit nature of the controlled substance is expressed or implied by" the Guidelines definition of "controlled substance offense."  *Smith*, 775 F.3d at 1267.  We are bound by this precedent.  *See, e.g., United States v. Harris*, 941 F.3d 1048, 1057 (11th Cir. 2019).

The district court appropriately applied the career-offender enhancement when calculating Alexander's Guidelines sentencing range because his Florida felony convictions for sale of cocaine and possession of cocaine with intent to sell qualify as controlled substance offenses under the Guidelines.  We therefore affirm Alexander's conviction and sentence.

**AFFIRMED.**

4