**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 24-12346

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

ALPHONSO COLEMAN, JR.,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:23-cr-14035-AMC-2

————————————

Before JILL PRYOR, LUCK, and BRASHER, Circuit Judges.

PER CURIAM:

Alphonso Coleman, Jr. appeals his 160-month imprisonment sentence, arguing that the district court erred in applying the career offender enhancement. After careful review, we affirm.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Coleman pleaded guilty to one count of cocaine distribution and two counts of fentanyl distribution. Before his sentencing hearing, the probation office prepared a presentence investigation report. The report explained that Coleman served a year in prison for trafficking cocaine, in violation of Florida Statute 893.135(1)(b), and three more years in prison for selling cocaine, in violation of Florida Statute 893.13. After considering his criminal history and reducing his base offense level for pleading guilty, the probation office concluded Coleman's guideline range was forty-six to fifty-seven months' imprisonment. But because the mandatory minimum imprisonment sentence for his cocaine and fentanyl distribution offenses was sixty months, the guideline term of imprisonment was sixty months.

At Coleman's sentencing hearing, the government objected, arguing that the probation office erred in calculating his guideline range because the career offender enhancement should have applied. Specifically, the government asserted that Coleman's prior cocaine-related convictions were predicate "controlled substance offense[s]" that triggered the enhancement. *See* U.S.S.G. § 4B1.1. Coleman responded that *United States v. Shannon*, 631 F.3d 1187 (11th Cir. 2011), established that his cocaine trafficking conviction was not a controlled substance offense under the career offender guideline because, using the categorical approach, Florida's trafficking statute covered purchasing cocaine without actual possession, which conduct fell outside the definition of a controlled

substance offense.   Without the cocaine trafficking conviction, Coleman was one conviction shy of the career offender enhancement.

The district court agreed with the government.  While *Shannon* held that cocaine trafficking convictions were not predicate offenses under the career offender guideline, the district court explained that the Florida Supreme Court's decision in *Conage v. United States*, 346 So. 3d 594 (Fla. 2022), clarified that purchasing cocaine without possession did not violate the state's trafficking statute.  Because *Conage* abrogated the holding in *Shannon*, Coleman's cocaine trafficking conviction qualified as a predicate controlled substance offense.  And because Coleman's cocaine trafficking conviction qualified as a controlled substance offense, he had enough predicate convictions to apply the career offender enhancement.

With the career offense enhancement, Coleman's guideline range popped up to 188 to 237 months' imprisonment.  But the district court varied downward and sentenced Coleman to 160 months.  The district court made clear that it would have given Coleman the same sentence even if the career offender enhancement did not apply.

In imposing the sentence, the district court explained that it considered the factors in 18 U.S.C. section 3553(a), the parties' statements, and the presentence investigation report.  Weighing the section 3553(a) factors, the court emphasized that Coleman's criminal history showed "a very clear pattern of escalating conduct

in" which Coleman graduated from using drugs to selling cocaine to selling fentanyl. The "seriousness of the offense [wa]s . . .very high," the district court continued, because fentanyl is an "extremely dangerous substance." Because of that danger, "the need for specific deterrence" and the need to protect the "community" was "very pronounced." The district court also found that there was a significant need to promote respect for the law because Coleman served two earlier prison sentences yet he still "decided to embrace [selling drugs] with even more vigor" when he was released. Given these findings, the district court concluded that 160 months' imprisonment was "reasonable and not greater than necessary to serve the statutory purposes set forth in" section 3553(a).

Coleman appeals his sentence.

## DISCUSSION

On appeal, he argues that the district court erred in applying the career offender enhancement because his cocaine trafficking conviction was not a predicate offense under *Shannon*. We conclude that any error was harmless.[1]

An error is harmless "when (1) the district court states it would have imposed the same sentence, even absent an alleged error, and (2) the sentence is substantively reasonable." *United States*

---

[1] We also don't think there was any error. *See United States v. Rowe*, 143 F.4th 1318, 1329–31 (11th Cir. 2025) (holding that *Conage* overruled *Shannon* and Florida's cocaine trafficking statute is a controlled substance offense under the career offender guideline).

*v. Goldman*, 953 F.3d 1213, 1221 (11th Cir. 2020).  A sentence is substantively reasonable when—looking at the "totality of the circumstances"—it is sufficient but not greater than necessary" under the factors "listed in [section] 3553(a)."  *See United States v. Grushko*, 50 F.4th 1, 19 (11th Cir. 2022) (quotation omitted).  Those factors include:  (1) the nature and circumstances of the offense; (2) the defendant's history and characteristics; (3) the need for deterrence; (4) the need to protect the public from the defendant's further crimes; (5) the need to provide the defendant with effective training or treatment; (6) the sentencing guideline range; (7) the Sentencing Commission's applicable policy statements; (8) the need to avoid sentence disparity; and (9) the need to provide restitution.  *See* 18 U.S.C. § 3553(a); *see also United States v. Cordero*, 7 F.4th 1058, 1069 (11th Cir. 2021).

"[T]he weight to be accorded any given [section] 3553(a) factor is a matter committed to the sound discretion of the district court . . . ."  *United States v. Butler*, 39 F.4th 1349, 1356 (11th Cir. 2022) (quotation omitted).  "When . . . weighing the . . . factors, the district court enjoys great discretion."  *Goldman*, 953 F.3d at 1221.  Thus, we will find a sentence substantively unreasonable "only if we are left with the 'definite and firm' conviction that the district court committed a clear error of judgment in weighing the [section] 3553(a) factors by arriving at a sentence that is outside the range of reasonable sentences dictated by the facts of the case."  *Id.* at 1222 (quoting *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc)).

Here, any error in applying the career offender enhancement was harmless because the district court "state[d] it would have imposed the same sentence, even absent" the career offender enhancement. *Goldman*, 953 F.3d at 1221. And without the enhancement, the 160-month sentence "[wa]s substantively reasonable." *Id*.

First, the sentence was well below the forty-year maximum sentence for Coleman's fentanyl distribution convictions. *See* 21 U.S.C. § 841(b)(1)(B); *United States v. Stanley*, 739 F.3d 633, 656 (11th Cir. 2014) ("A sentence imposed well below the statutory maximum penalty is an indicator of a reasonable sentence."). And second, the district court did not "commit[] a clear error of judgment in weighing the [section] 3553(a) factors[.]" *Goldman*, 953 F.3d. at 1222. The district court explained that it considered the section 3553(a) factors, the parties' statements, and the presentence investigation report that had the unenhanced guideline range of sixty months' imprisonment. In imposing a sentence above that guideline range, the district court looked at Coleman's history and characteristics and found "a very clear pattern of escalating conduct in" which Coleman graduated from using drugs to selling cocaine to selling fentanyl. It emphasized that fentanyl is an "extremely deadly substance" such that the "seriousness of the offense [wa]s . . .very high." That danger meant "the need for specific deterrence" and the need to protect the "community" was "very pronounced." The district court also found that there was a serious need to promote respect for the law because Coleman had prior

prison sentences for drug convictions yet "decided to embrace [selling drugs] with even more vigor" when he was released.

Based on these findings, we are not left with a definite and firm conviction that the 160-month sentence was unreasonable. Thus, we affirm Coleman's sentence. *See Goldman*, 953 F.3d at 1222 (affirming the defendant's sentence after concluding an alleged sentencing error was harmless).

**AFFIRMED.**