**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-10037
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

ABEL JUNIOR SALAZAR,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:23-cr-00471-TPB-CPT-1

_____

Before BRANCH, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Abel Junior Salazar appeals his sentence for possession of a firearm and ammunition as a convicted felon, 18 U.S.C. §§ 922(g)(1) & 924(a)(8). At sentencing, Salazar received an

enhancement under the Sentencing Guidelines based on a prior controlled substance offense. *See* U.S.S.G. § 2K2.1. On appeal, Salazar argues that the district court erred in finding that his prior convictions—for trafficking hydrocodone and amphetamine, under Fla. Stat. § 893.135(1)—count as "controlled substance offenses" under the Guidelines, *see* U.S.S.G. § 4B1.2(b).[1] In making this argument he relies on our decision in *United States v. Shannon*, 631 F.3d 1187, 1190 (11th Cir. 2011), which held that a conviction under Fla. Stat. § 893.135(1)(b)(1) did not qualify as a "controlled substance offense" under § 4B1.2(b).

After briefing in this appeal concluded, we addressed an indistinguishable question in *United States v. Rowe*, 143 F.4th 1318 (11th Cir. 2025). There, we held that, in light of intervening Florida Supreme Court caselaw, *see Conage v. United States*, 346 So. 3d 594 (Fla. 2022), *Shannon* "was wrong" and "is no longer binding," *Rowe*, 143 F.4th at 1322, 1329. We asked the parties to brief the effect of *Rowe* on Salazar's appeal and, having carefully reviewed those briefs and the record, conclude that *Rowe* forecloses Salazar's arguments. *See id.* While Salazar argues that *Rowe* was wrongly decided, we cannot, as a panel, overrule it. *See United States v. White*, 837 F.3d 1225, 1228 (11th Cir. 2016) ("[W]e are bound to follow a

---

[1] The parties dispute the standard of review and whether the district court properly elicited objections under *United States v. Jones*, 899 F.2d 1097, 1102 (11th Cir. 1990), *overruled in part on other grounds by United States v. Morrill*, 984 F.2d 1136, 1137 (11th Cir. 1993) (*en banc*). Because Salazar's purely legal argument fails under a preserved standard of review, we need not resolve these issues.

prior binding precedent unless and until it is overruled by this court en banc or by the Supreme Court." (quoting *United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008))).

Specifically, in light of *Rowe*, the district court did not err in finding that Salazar's prior trafficking offenses were "controlled substance offenses" under U.S.S.G. § 4B1.2(b). As in *Rowe*, Salazar's convictions were for trafficking controlled substances under Fla. Stat. § 893.135(1).[2] Salazar's primary argument is that a conviction under Fla. Stat. § 893.135(1) does not constitute a controlled substance offense under *Shannon*, which is the same argument the appellant in *Rowe* made. *See Rowe*, 143 F.4th at 1326 ("Rowe argues that we remain bound by our decision in *Shannon* . . . ."); *see also United States v. Penn*, 63 F.4th 1305, 1310–11 (11th Cir. 2023) (distinguishing between issues foreclosed by prior precedent and "questions neither presented nor decided" by prior precedent, which are not foreclosed), *abrogated in part on other grounds by Erlinger v. United States*, 602 U.S. 821, 834–35 (2024).

In his supplemental brief, Salazar also argues that there is an open question as to whether "possession" under U.S.S.G. § 4B1.2 refers to possession under federal or state law. Because *Conage* and *Rowe* did not address this question, he argues, they do not foreclose his appeal. We disagree. *Rowe* explained that, after *Conage*, the least culpable conduct under Fla. Stat. § 893.135(1) is "possessing a

---

[2] Salazar does not argue that there is legal significance to the difference in controlled substances at issue in *Rowe* (cocaine) and here (hydrocodone and amphetamine), so we need not address that question.

trafficable quantity of cocaine with the intent to distribute," and then assessed whether that law satisfied the "generic" federal crime of possession with intent to distribute under the Guidelines. *Rowe*, 143 F.4th at 1330. It held that "a [state] law criminalizing cocaine possession with the intent to distribute obviously 'prohibits the . . . possession of a controlled substance . . . with intent to . . . distribute'" under federal law. *Id.* (quoting U.S.S.G. § 4B1.2(b)). Thus, *Rowe* necessarily considered whether "possession" as used in the two statutes (state and federal) were different in any meaningful way; if they were, *Rowe* could not have reached the result it reached. *See Penn*, 63 F.4th at 1310 ("[W]e are bound by the decisions of prior panels of this Court, which 'cannot be circumvented or ignored on the basis of arguments not made to or considered by the prior panel.'" (quoting *In re Lambix*, 776 F.3d 789, 794 (11th Cir. 2015))).

For the foregoing reasons, we affirm Salazar's sentence.

**AFFIRMED.**