[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14555
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20381-DMM-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TYRONE HART,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 5, 2017)

**ON REMAND FROM THE UNITED STATES SUPREME COURT**

Before MARTIN, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

After Tyrone Hart pled guilty to being a felon in possession of a firearm, the district court imposed an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).  Hart appeals the district court's decision to classify and sentence him as an armed career criminal, contending that the district court erred in finding that three of his prior criminal convictions were either violent felonies or serious drug offenses under ACCA.  After careful consideration, we conclude that the district court erroneously determined that two of Hart's burglary convictions were violent felonies supporting this classification.  Although precedent at the time the district court sentenced Hart supported this classification, intervening decisions by the Supreme Court and this Court have altered the landscape.  Thus, we vacate Hart's sentence and remand for resentencing.

## I.    BACKGROUND

ACCA, which is at the center of this appeal, imposes a mandatory minimum sentence of 15 years' imprisonment on a defendant convicted of being a felon in possession of a firearm under 18 U.S.C. § 922(g) who also has three prior state or federal convictions for "a violent felony," "a serious drug offense," or both.  *Id.* § 924(e)(1).  The term "violent felony" includes "any crime punishable by imprisonment for a term exceeding one year . . . that" has certain violent elements (called the "elements clause") or is one of a specific list of enumerated crimes (the "enumerated crimes clause").  *See id.* § 924(e)(2)(B)(i),(ii).  At the time the district

2

court sentenced Hart, ACCA's definition of violent felony also included a "residual clause" covering a wide array of other convictions, but the Supreme Court has since invalidated that provision. *See Johnson v. United States*, 135 S. Ct. 2551 (2015).

Hart was charged with two counts of possessing firearms by a convicted felon. Represented by appointed counsel David Tucker, Hart pled guilty to one of these counts without a plea agreement. Before sentencing, the probation office prepared a pre-sentence investigation report ("PSI") for Hart that listed 15 prior felony convictions punishable by imprisonment over one year. Among these convictions were two for burglary, two for robbery, and three for narcotics offenses, all in violation of Florida law and each of which the PSI classified as qualifying offenses under ACCA. Given these seven ACCA predicate offenses, the PSI classified Hart as an armed career criminal, subject to a 15 year minimum sentence.

Aside from this statutory minimum, the PSI calculated Hart's offense level as 30[1] and his criminal history category as VI. These scores would yield a guidelines range of 168 to 210 months' imprisonment, but Hart's statutory minimum sentence raised the low range to 180 months. Hart did not object to the

---

[1] The base offense level for Hart's violation of 18 U.S.C. § 922(g)(1), including enhancements, was 22. His offense level rose to 33 as a result of his criminal history pursuant to U.S.S.G. § 4B1.4(a). This level was then reduced to 30 as a result of his acceptance of responsibility.

3

PSI and filed a "Position on Sentencing" requesting the 15 year minimum sentence allowed under ACCA. At his sentencing hearing, Hart once again requested the minimum sentence ACCA allowed. The court imposed this sentence, and Hart lodged no objections.

Hart then filed, *pro se*, a notice of appeal. This Court appointed Tucker to represent him on appeal. Tucker filed a motion to withdraw along with an *Anders*[2] brief arguing that there were no issues of arguable merit to appeal in Hart's case. Tucker attached what appeared to be copies of three Florida drug narcotics convictions to his *Anders* brief. Hart filed a *pro se* response brief arguing that the district court erred in classifying him as an armed career criminal because none of his burglary, robbery, or narcotics convictions qualified as ACCA predicate offenses under recent Supreme Court precedents. We granted Tucker's motion to withdraw and affirmed Hart's conviction and sentence.

Hart then petitioned the Supreme Court for a writ of certiorari. The Supreme Court granted certiorari, vacated our judgment, and remanded the case to this Court for further proceedings in light of its decision in *Johnson* invalidating ACCA's residual clause.

---

[2] *See Anders v. California*, 386 U.S. 738 (1967).

## II.    STANDARD OF REVIEW

Hart failed to object to his classification as an armed career criminal in the district court, so we review for plain error.[3]  "Our review under the plain error rule is limited and circumscribed."  *United States v. Jones*, 743 F.3d 826, 829 (11th Cir. 2014) (internal quotation marks omitted).  Plain error requires "(1) error, (2) that is plain, and (3) that affects substantial rights" where the error also "(4) . . . seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Id.* (internal quotation marks omitted).

## III.    DISCUSSION

The district court erred in determining that his two Florida burglary convictions were violent felonies under ACCA, and this error was plain.  Although Florida burglary was considered a violent felony under ACCA's residual clause at the time of Hart's sentencing, *see James v. United States*, 550 U.S. 192, 213 (2007) (citing *United States v. Matthews*, 466 F.3d 1271, 1274 (11th Cir. 2006)), the Supreme Court has since invalidated ACCA's residual clause as void for vagueness.  *See Johnson*, 135 S. Ct. at 2563.  And this Court has held that Florida

---

[3] The government argues that we should not consider Hart's request for resentencing at all because he requested the 15 year sentence he received and therefore invited any error in that sentence.  We disagree.  The doctrine of invited error applies when a defendant induces or invites the district court to make an error.  *United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006).  If a defendant invites error, we are precluded from reversing the erroneous ruling for plain error.  *Id.*  Here, Hart did not invite error.  He simply requested the lowest sentence that was legally available at the time.  The fact that Hart did not object to his classification as an armed career criminal merely "shifts this appeal into the plain error review column."  *Jones*, 743 F.3d at 828.

burglary is not a violent felony under ACCA's enumerated crimes or elements clauses. *See United States v. Esprit*, 841 F.3d 1235, 1240–41 (11th Cir. 2016). Thus, the district court's determination that Hart's burglary convictions were violent felonies under ACCA was error. "As for the plainness of that error, an intervening decision by this Court or the Supreme Court squarely on point may make an error plain." *Jones*, 743 F.3d at 829–30 (internal quotation marks omitted). Under *Johnson* and *Esprit*, the error here was plain.

Hart has also shown that this error affected his substantial rights. To make this showing, he must demonstrate a "reasonable probability" that he would have received a lighter sentence but for the district court's erroneous determination that his Florida burglary convictions were violent felonies. *Jones*, 743 F.3d at 830. Here, he has done so because, as we explain below, we cannot uphold his classification as an armed career criminal without these burglary convictions. And absent this classification, the maximum sentence the district court could impose on remand is 10 years, substantially less than the 15 year sentence Hart received. *See* 18 U.S.C. § 924(a)(2). Therefore, the error here affected Hart's substantial rights. *See Jones*, 743 F.3d at 830.

We cannot uphold Hart's classification as an armed career criminal absent his burglary convictions even though the district court appears to have relied on five other convictions in classifying him as an armed career criminal. Two of these

6

convictions were for Florida robbery, which this Court has held qualifies as a violent felony under ACCA notwithstanding the Supreme Court's *Johnson* decision. *See United States v. Fritts*, 841 F.3d 937, 940, 942 (11th Cir. 2016) (holding that Florida robbery is a violent felony under ACCA's elements clause). Because Hart's designation as an armed career criminal requires a third qualifying offense, however, at least one of his narcotics convictions must qualify as a "serious drug offense" for him to be eligible for the ACCA enhancement.

Yet we cannot determine whether any of Hart's three Florida narcotics convictions qualify as serious drug offenses given the record before us. At sentencing, the district court made no findings regarding Hart's narcotics convictions. To be sure, Hart's PSI listed three Florida narcotics convictions as serious drug offenses. But the PSI lacked information from which we could conclude that these convictions actually qualify as serious drug offenses within the meaning of ACCA. This lack of specificity matters because some Florida narcotics convictions qualify as serious drug offenses under ACCA, while others do not. *Compare United States v. Smith*, 775 F.3d 1262, 1266–68 (11th Cir. 2014) (holding that Fla. Stat. § 893.13 qualifies as a serious drug offense under ACCA), *with United States v. Shannon*, 631 F.3d 1187, 1188–90 (11th Cir. 2011) (holding

that Fla. Stat. § 893.135 was not necessarily a "controlled substance offense" under the Sentencing Guidelines[4]).

The PSI does include summaries of the facts of each of Hart's offenses, but we cannot rely on these summaries because they were derived from arrest affidavits. *See United States v. Rosales-Bruno*, 676 F.3d 1017, 1022 (11th Cir. 2012) (holding that Florida arrest affidavits cannot be used to label a conviction a qualifying offense under ACCA). Given the inadequacy of the record before us, we are unable to determine whether Hart's narcotics convictions qualify as serious drug offenses.[5] Absent these drug offenses, Hart's two robbery convictions are insufficient to support his classification as an armed career criminal. And without this classification, the district court could not have imposed the sentence it did. Therefore, Hart has demonstrated that the district court's erroneous determination

---

[4] While slightly more conduct is covered by ACCA's definition of "serious drug offense" than the Sentencing Guidelines' definition of "controlled substance offense," neither reaches mere purchase of a controlled substance, which is what we must assume occurred here in the absence of any findings of fact by the district court. *See Shannon*, 631 F.3d at 1189, 1190 n.3.

[5] The government argues that we should look to the records of Hart's Florida narcotics convictions that Hart's trial counsel attached to his *Anders* brief. But this Court "will not ordinarily enlarge the record on appeal to include material not before the district court." *Kemlon Prod. & Dev. Co. v. United States*, 646 F.2d 223, 224 (5th Cir. 1981); *see also Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (holding decisions of the former Fifth Circuit rendered prior to close of business on September 30, 1981 binding on this Court). Nor is it the province of this Court to make findings about a prior conviction on appeal. *See, e.g.*, *United States v. Gibson*, 434 F.3d 1234, 1254 (11th Cir. 2006) ("The Supreme Court's decisions . . . explicitly allow *sentencing courts* to find the fact of a defendant's prior convictions . . . ." (emphasis added)).

8

that his burglary convictions qualified as violent felonies under ACCA affected his substantial rights.

Finally, we conclude that this error "seriously affected the fairness, integrity, or public reputation of the judicial proceedings in this case." *Jones*, 743 F.3d at 830. Hart "was given a mandatory minimum sentence that exceeds the statutory maximum" that would apply absent his classification as an armed career criminal. *Id.* We cannot determine whether this classification was appropriate given the district court's erroneous conclusion that Hart's burglary convictions qualified as violent felonies under ACCA. We therefore vacate Hart's sentence and remand the case for resentencing consistent with this opinion.

**VACATED and REMANDED.**