PER CURIAM:
This appeal presents the question whether a conviction for Florida robbery, Fla. Stat. § 812.13, from before Florida passed a “robbery by sudden snatching” statute in 1999, Fla. Stat. § 812.131, categorically qualifies as a violent felony under the elements clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e). The district court did not enhance the sentence of Denard Stokeling under the Act because it held that his robbery conviction was not a violent felony. The United States appealed. Stokeling argues that before 1999, Florida robbery included robbery by sudden snatching, so it did not always require sufficient force to constitute a violent felony. But this argument is foreclosed by our precedents. E.g., United States v. Fritts, 841 F.3d 937, 943-14 (11th Cir. 2016). We vacate and remand.
We have held many times that a conviction under the Florida robbery statute categorically qualifies as a violent felony under the elements clause of the Act, even if it occurred before 1999. See, e.g., id. at 938, 943-44 (conviction from 1989); United States v. Dowd, 451 F.3d 1244, 1255 (11th Cir. 2006) (conviction from 1974). And in Fritts, we specifically rejected the argument that the sudden-snatching statute changed the elements of Florida robbery. 841 F.3d at 942-44. We explained that the Florida Supreme Court has held that Florida robbery “has never included a theft or taking by mere snatching because snatching is theft only and does not involve the degree of physical force needed to sustain a robbery conviction.” Id. at 942. “Th[e] new sudden snatching statute was apparently needed became ... [ ]robbery[ ] did not cover sudden snatching where there was no resistance by the victim and no physical force to overcome it.” Id. at 942 n.7 (emphasis added).
Our precedents apply to Florida robbery as well as armed robbery because the elements are identical, differing only in what “the offender carried” “in the course of committing the robbery.” Fla. Stat. § 812.13. Our precedents rely on the shared force element in section 812.13(1) and do not mention the additional requirements for armed robbery in section 812.13(2). For example, this Court is bound by United States v. Lockley, 632 F.3d 1238, 1245 (11th Cir. 2011), which held that “Florida robbery is categorically a crime of violence under the elements of even the least culpable of these acts criminalized by Florida Statutes § 812.13(1).” Fritts, 841 F.3d at 941. Stokeling cannot circumvent this holding, even if he presents arguments the prior panel did not consider. See Tippitt v. Reliance Standard Life Ins. Co., 457 F.3d 1227, 1234 (11th Cir. 2006).
The district court also applied the incorrect method to determine whether a conviction is a violent felony under the Act. The parties agree that the district court erroneously looked to the underlying facts of Stokeling’s crime. But the district court should have applied the “categorical approach,” which “look[s] only to the elements of the crime, not the underlying facts of the conduct,” United States v. Braun, 801 F.3d 1301, 1304-05 (11th Cir. 2015).
The force element of Florida robbery satisfies the elements clause of the Act. The Act defines a violent felony as any crime that “has as an element the use, *872 attempted use, or threatened use of physical force against the person of another.” 18 U.S.C. § 924(e)(2)(B)(i). An element of Florida robbery is “the use of force, violence, assault, or putting in fear,” Fla. Stat. § 812.13, which requires “resistance by the victim that is overcome by the physical force of the offender.” Robinson v. State, 692 So.2d 883, 886 (Fla. 1997).
We VACATE Stokeling’s sentence and REMAND for resentencing.