[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14416
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20381-DMM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TYRONE HART,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 24, 2018)

Before MARCUS, ROSENBAUM and JILL PRYOR, Circuit Judges.

PER CURIAM:

Tyrone Hart appeals the district court's imposition of an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1).  After careful review, we affirm.

This case returns to us after we remanded to the district court for a resentencing in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).  *See United States v. Hart*, 684 F. App'x 834 (11th Cir. 2017) (unpublished).[1]  On remand, and over Hart's objection, the district court reimposed an ACCA-enhanced sentence of 180 months' imprisonment.  The district court concluded that Hart had six qualifying ACCA predicate convictions, all under Florida law.  Two were robbery convictions.  Four were drug convictions, in 1992, 1993, 1994, and 2004, all under Florida Statutes § 893.13(1)(a).

On appeal, Hart argues that his robbery convictions and his 1992, 1993, and 2004 drug convictions are not valid ACCA predicate convictions.  He does not challenge the use of his 1994 drug conviction to enhance his sentence.

We review *de novo* whether a prior conviction qualifies as an ACCA predicate conviction.  *United States v. Petite*, 703 F.3d 1290, 1292 (11th Cir. 2013), *abrogated on other grounds by Johnson*, 135 S. Ct. at 2557.  When a defendant fails to challenge a predicate conviction on appeal, we deem that challenge abandoned.  *See United States v. Levy*, 379 F.3d 1241, 1242 (11th Cir.

---

[1] Because we detailed the facts of Hart's conviction and previous appeals in that decision, we do not do so again here.

2004).  And we are bound to follow a prior precedential panel opinion unless or until it is overruled or undermined to the point of abrogation by this Court sitting en banc or by the Supreme Court.  *United States v. Brown*, 342 F.3d 1245, 1246 (11th Cir. 2003).  For the reasons that follow, we affirm Hart's ACCA-enhanced sentence based on his 1992, 1994, and 2004 drug convictions.  Thus, we need not address his robbery convictions or his 1993 drug conviction.[2]

ACCA imposes a mandatory minimum sentence of 180 months' imprisonment on a defendant convicted of being a felon in possession of a firearm who also has three prior state or federal convictions for a "violent felony," a "serious drug offense," or some combination thereof.  18 U.S.C. § 924(e)(1).  As relevant to this appeal, a "serious drug offense" is defined as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in . . . the Controlled

---

[2] Acknowledging that his challenge currently is foreclosed by binding circuit precedent, *see United States v. Fritts*, 841 F.3d 937 (11th Cir. 2016), Hart argues that his robbery convictions do not qualify as ACCA predicate convictions.  The Supreme Court recently has granted certiorari on whether robbery under Florida law so qualifies.  *See United States v. Stokeling*, 684 F. App'x 870 (11th Cir. 2017) (unpublished), *cert granted*, 86 U.S.L.W. 3492 (U.S. Apr. 2, 2018) (No. 17-5554).  We do not rely on Hart's robbery convictions in upholding his sentence.

Hart also challenges the use of his 1993 drug conviction to enhance his sentencing.  He argues that because the conviction was not listed in his original presentence investigation report, the district court improperly gave the government a second bite at the apple when the court permitted the government at resentencing to use the conviction to support the ACCA enhancement.  We need not address this argument because Hart's ACCA-enhanced sentence is valid notwithstanding his 1993 drug conviction.

Substances Act . . . ), for which a maximum term of imprisonment of ten years or more is prescribed by law." *Id.* § 924(e)(2)(A)(ii).

Florida Statutes § 893.13 has undergone two changes relevant to this appeal. The law in its current form provides that "a person may not sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance." Fla. Stat. § 893.13(1)(a). Under Florida law, a defendant's knowledge of the illicit nature of the substance he sold, manufactured, delivered, or possessed with intent to sell, manufacture, or deliver, is not an element of the offense. *See* Fla. Stat. § 893.101(2) (effective May 13, 2002). Before 2002, however, there was such a *mens rea* element. *See Chicone v. State*, 684 So. 2d 736, 738 (Fla. 1996), *superseded by statute*, Fla. Stat. § 893.101. And before 1994, the statute also criminalized purchase of an illicit substance. *See* Fla. Stat § 893.13(1)(a) (1993). Hart's four drug convictions under this statute, therefore, fell under different iterations of the same Florida law. His 1992 and 1993 convictions were under a law criminalizing purchase and requiring knowledge of the illicit nature of the substance involved. His 1994 conviction was under a law that did not criminalize purchase but that required knowledge of the illicit nature of the substance involved. And his 2004 conviction was under a law that neither criminalized purchase nor required knowledge of the illicit nature of the substance involved.

4

Hart does not challenge the district court's determination that his 1994 drug conviction qualifies as an ACCA predicate; thus, we consider that conviction as a valid predicate. *See Levy*, 379 F.3d at 1242. Further, as Hart acknowledges, binding circuit precedent forecloses his argument that his 2004 drug conviction under Florida Statutes § 893.13(1)(a) cannot qualify as an ACCA predicate because the government was not required to prove that he knew the substance involved was illicit. *See United States v. Smith*, 775 F.3d 1262, 1268 (11th Cir. 2014) (holding that a violation of Florida Statutes § 893.13(1)(a) after the *mens rea* requirement was eliminated is a "serious drug offense" under ACCA). We are bound to follow *Smith* under our prior panel precedent rule; thus, we acknowledge that Hart has preserved this challenge for further appellate review but must reject it. *See Brown*, 342 F.3d at 1246.

We also are bound by circuit precedent to conclude that Hart's 1992 drug conviction under Florida Statutes § 893.13(1)(a) qualifies as a valid ACCA predicate. In *Spaho v. United States Attorney General*, 837 F.3d 1172, 1177 (11th Cir. 2016), this Court held that § 893.13(1)(a) is divisible such that the court may apply a modified categorical approach by consulting a limited class of documents to determine which alternative way of committing the offense formed the basis of the defendant's prior conviction. Hart does not contest that, if the district court was correct to consult those documents, the particular way in which he committed

5

his offense constituted a "serious drug offense" under ACCA.  Rather, Hart argues that *Spaho* conflicts with an earlier case, *Donawa v. United States Attorney General*, 735 F.3d 1275, 1282-83 (11th Cir. 2013), in which we held that the categorical approach, which does not permit reference to documents in a defendant's underlying conviction, applies to the same statute.[3]  But the *Spaho* panel addressed *Donawa* and found it distinguishable.  *Spaho*, 837 F.3d at 1178.  So although Hart has preserved his challenge for further appellate review, we as a panel must reject it.  *See Brown*, 342 F.3d at 1246.

For the foregoing reasons, we are bound to conclude that Hart has three valid ACCA predicates.  We must affirm his sentence.

**AFFIRMED.**

---

[3] *Spaho* construed Florida Statutes § 893.13(1)(a)1, and *Donawa* construed Florida Statutes § 893.13(1)(a)2, but as Judge Jordan, a member of the *Donawa* panel, explained in his dissent in *Spaho*, the two subsections differ "only insofar as the type of drug (and penalty) involved" and therefore are materially indistinguishable for purposes of determining whether the categorical or modified categorical approach applies.  *Spaho*, 837 F.3d at 1179 (Jordan, J., dissenting).