[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-15206
Non-Argument Calendar

_____

D.C. Docket No. 9:17-cr-80130-DMM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TAVARIS JEMARIO HUNTER,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 12, 2018)

Before MARTIN, BRANCH, and FAY, Circuit Judges.

PER CURIAM:

Tavaris Jemario Hunter appeals his 180-month mandatory minimum sentence after he pled guilty to being a felon in possession of a firearm.  He argues the district court erred in sentencing him under the Armed Career Criminal Act ("ACCA") because his previous Florida convictions for robbery and aggravated assault were not "violent felonies," and his Florida felony convictions for sale of cocaine and possession of cocaine with intent to sell were not "serious drug offenses."  After careful review, we affirm.

I.

Hunter pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).  A probation officer prepared a Presentence Investigation Report ("PSR"), which found Hunter qualified as an armed career criminal based on four convictions for violent felonies or serious drug offenses.  Those convictions were for Florida crimes of robbery, sale of cocaine, possession of cocaine with intent to sell, and aggravated battery.

Hunter objected to his classification as an armed career criminal, arguing that his convictions for Florida robbery and aggravated battery did not qualify as violent felonies under ACCA.  He also argued that his two drugs convictions should not qualify as ACCA predicates because the relevant Florida statutes lacked mens rea requirements.  Hunter acknowledged his objections were foreclosed by binding precedent in the Eleventh Circuit.

2

At sentencing, the district court overruled Hunter's objections and sentenced Hunter to a mandatory minimum 180-month term of imprisonment.  This appeal followed.

## II.

We review de novo whether a particular conviction qualifies as a violent felony or a serious drug offense under ACCA.  United States v. Hill, 799 F.3d 1318, 1321 (11th Cir. 2015) (per curiam); United States v. Robinson, 583 F.3d 1292, 1294 (11th Cir. 2009) (per curiam).

ACCA provides for a sentence of no less than fifteen years for a defendant who violates § 922(g) and has three or more prior convictions for a "violent felony" or a "serious drug offense."  18 U.S.C. § 924(e)(1).  The term "serious drug offense" includes "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law."  Id. § 924(e)(2)(A)(ii).  A "violent felony" is defined as any crime punishable by a term of imprisonment exceeding one year that:

> (i)   has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)  is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

Id. § 924(e)(2)(B).  The first part of this definition is known as the "elements clause."  See Mays v. United States, 817 F.3d 728, 730–31 (11th Cir. 2016) (per curiam).  The second part of this definition contains both the "enumerated offenses clause" and the "residual clause."  Id.  In Johnson v. United States, the Supreme Court held that ACCA's residual clause was unconstitutionally vague.  576 U.S. ___, 135 S. Ct. 2551, 2563 (2015).  But Johnson did not affect the status of convictions qualifying under the elements or enumerated offenses clauses, or as serious drug offenses.

Under the prior precedent rule, we are bound by our prior decisions unless and until they are overruled by the Supreme Court or this Court sitting en banc. United States v. Brown, 342 F.3d 1245, 1246 (11th Cir. 2003).  This Court has previously held that a conviction for robbery under Florida Statute § 812.13(1) is a violent felony under ACCA's elements clause.  See United States v. Fritts, 841 F.3d 937, 940 (11th Cir. 2016).  This Court has also said a conviction for aggravated battery under Florida Statute § 784.045 qualifies as a violent felony under the elements clause.  Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1341 (11th Cir. 2013), abrogated on other grounds by Johnson, 135 S. Ct. 2551.  And we have held that the sale of and possession with intent to sell cocaine, in violation of Florida Statute § 893.13(1), are serious drug offenses even in the

4

absence of a <u>mens rea</u> requirement.  <u>United States v. Smith</u>, 775 F.3d 1262, 1268 (11th Cir. 2014).

The district court did not err in sentencing Hunter under ACCA because binding precedent in this Court says that his convictions for Florida aggravated battery and robbery qualify as violent felonies under the elements clause, and his convictions for sale of cocaine and possession with intent to sell cocaine qualify as serious drug offenses.  Even setting aside Hunter's conviction for Florida robbery,[1] Hunter has three convictions that qualify as ACCA predicate offenses.

**AFFIRMED.**

---

[1] As Hunter points out, the Supreme Court granted certiorari on another case presenting whether Florida robbery qualifies as a violent felony under ACCA.  <u>See</u> <u>United States v. Stokeling</u>, 684 F. App'x 870 (11th Cir. 2017), <u>cert. granted</u>, 138 S. Ct. 1438 (Apr. 2, 2018) (No. 17-5554).