**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 19a0178n.06

No. 18-5461

| | | |
|---|---|---|
| **UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT** | | **FILED**<br>Apr 05, 2019<br>DEBORAH S. HUNT, Clerk |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | **ON APPEAL** FROM THE |
| | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| JERMAINE WHITE, | ) | **OPINION** |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

**BEFORE: NORRIS, STRANCH, and LARSEN, Circuit Judges.**

**PER CURIAM.** Defendant Jermaine White pleaded guilty to a single-count indictment which charged him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Unfortunately for Mr. White, his criminal history triggered the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), which resulted in a mandatory minimum sentence of fifteen years of incarceration.

On appeal, defendant contends that his three convictions for aggravated robbery under Tennessee law should not count as ACCA predicate offenses. He makes this argument despite acknowledging that this circuit held otherwise in *United States v. Mitchell*, 743 F.3d 1054, 1059 (6th Cir. 2014). He also advances a second argument, which he also concedes runs contrary to precedent, to wit, that mandatory minimum sentences represent an unconstitutional violation of the separation of powers doctrine. As defense counsel acknowledges, a panel of this court cannot overrule a prior, published decision of another panel "unless an inconsistent decision of the United

States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision." *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985); *see also* 6 Cir. R. 32.1(b) (stating that published panel opinions are binding on all subsequent panels). Because neither event has occurred in this case, we affirm the judgment of the district court.

## I.

On May 24, 2015, Memphis police officers stopped defendant, who was on his way to buy drinks for his children. A search revealed that he had a loaded pistol concealed in the waistband of his trousers. A grand jury subsequently charged defendant with knowing possession of a firearm after having been convicted of a felony. Defendant pleaded guilty to the charge.

The presentence report concluded that defendant qualified as an armed career criminal, 18 U.S.C. § 924(e), based upon three prior Tennessee convictions for aggravated robbery. Throughout defendant's subsequent sentencing hearing, the district court expressed concern that the application of the ACCA in this particular case would result in an unduly harsh sentence. As it reviewed the sentencing factors found in Section 3353(a) of Title 18, the court noted that several considerations weighed in favor of a lighter sentence: defendant and his wife had been in a relationship for many years; defendant had cared for his children as much as he could; he had obtained a GED; and, finally, he had found employment. Despite his inclination to impose a less draconian sentence, the judge acknowledged that he was precluded from doing so:

> The problem . . . is that he has a significant criminal history and a mandatory minimum sentence. I've tried to address that in various ways, but I am not able to say that there's anything in the record based on the facts and the law that would cause the Court to conclude that Mr. White's not an armed career criminal.
>
> . . . .

Do the guidelines work in this case? Well, they don't. I mean, the sentence produced by the guidelines, the mandatory minimum, is excessive on this record for the reasons I have said. . . . [W]hen you balance the criminal history and the seriousness of the offense against progress that Mr. White has made, the age of the [criminal] history, and the actual crime, this is not a crime for which ordinarily I would sentence someone to 180 months in prison.

. . . So, where I would be, were it not for the mandatory minimum that's binding on the Court, would be 70 months which I believe is a sentence sufficient but not greater than necessary to comply with the purposes of Section 3553 [the sentencing factors].

This panel has no reason to second-guess the district court's conclusion that application of the ACCA in this case results in a term of imprisonment longer than necessary to satisfy the Section 3553(a) sentencing objectives. That said, and as the district court recognized, we are charged with applying the law rather than our opinion. We now turn to that law.

## II.

This court reviews de novo a district court's conclusion that an offense constitutes a "violent felony" under the ACCA. *Mitchell*, 743 F.3d at 1058.

The ACCA provides as follows:

**(1)** In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

**(2)** As used in this subsection—

. . . .

**(B)** the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—

**(i)** has as an element the use, attempted use, or threatened use of physical force against the person of another; or

> **(ii)** is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another; and

> **(C)** the term "conviction" includes a finding that a person has committed an act of juvenile delinquency involving a violent felony.

18 U.S.C. § 924(e).

The three violent felonies that the district court concluded served as predicates triggering the ACCA were violations of the following Tennessee statute:

> (a) Aggravated robbery is robbery as defined in § 39-13-401:

>> (1) Accomplished with a deadly weapon or by display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon; or

>> (2) Where the victim suffers serious bodily injury.

> (b) Aggravated robbery is a Class B felony.

Tenn. Code Ann. § 39-13-402.

> The robbery statute referred to above reads as follows:

> (a) Robbery is the intentional or knowing theft of property from the person of another by violence or putting the person in fear.

> (b) Robbery is a Class C felony.

Tenn. Code Ann. § 39-13-401.

As mentioned earlier, defendant contends that his three Tennessee aggravated robbery convictions did not constitute violent felonies under the ACCA. In advancing this argument, defendant must clear a high procedural hurdle: this circuit has recently reaffirmed that the Tennessee robbery statute, Tenn. Code Ann. § 39-13-401, "categorically required the use, attempted use, or threatened use of violent physical force and is therefore a predicate offense under the ACCA." *United States v. Lester*, 719 F. App'x 455, 458 (6th Cir. 2017) (citing *Mitchell*, 743 F.3d at 1058-60); *see also id.* at 458-59 (summarizing *Mitchell*'s holding and noting that its

viability was unaffected by a subsequent United States Supreme Court case, *Mathis v. United States*, 136 S. Ct. 2243 (2016)). Another consideration makes defendant's challenge more daunting: he stands convicted of aggravated robbery; *Mitchell* held that robbery, a lesser included offense, constitutes a violent felony for ACCA purposes. If a lesser included offense constitutes a violent felony under the ACCA, certainly the ACCA applies with even greater logic to a conviction of the greater offense, in this case aggravated robbery. *Lester*, 719 F. App'x at 458.

Defendant urges us to take note of the evolving pronouncements of the Supreme Court with respect to predicate offenses and the ACCA, which have limited the scope of the ACCA in certain respects. *See, e.g.*, *Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013); *Descamps v. United States*, 133 S. Ct. 2276 (2013); and *Mathis*, *supra*. Of those, however, only *Mathis* was decided after *Mitchell*, and *Lester*—albeit in an unpublished decision—held that *Mitchell* remains the law of this circuit.[1] As mentioned earlier, this court is bound by our prior precedents absent an intervening change in law or a decision by the United States Supreme Court or this court sitting en banc overruling that precedent. *Salmi*, 774 F.2d at 689. Finding neither, we affirm the judgment.

As mentioned at the outset, defendant raises a second assignment of error that challenges the constitutionality of mandatory minimum sentences in order to preserve it for possible discretionary review. As counsel candidly acknowledges, the argument is foreclosed by precedent. *See United States v. Wettstain*, 618 F.3d 577, 591 (6th Cir. 2010) (reiterating that mandatory minimum sentences, which limit a sentencing court's discretion with regard to the § 3553(a)

---

[1] In her brief to this court, defense counsel also referred us to *United States v. Stokeling*, 684 F. App'x 870 (11th Cir. 2017), which was then pending before the United States Supreme Court, as potentially helpful to defendant's position. The Court recently held, however, that the Florida robbery statute constitutes a crime of violence under the ACCA. *Stokeling v. United States*, 139 S. Ct. 544, 555 (2019). If anything, *Stokeling* undercuts defendant's argument.

sentencing factors, are constitutional) (citing *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2010)). As we are bound to reject defendant's primary assignment of error, this panel is similarly bound by prior precedent with respect to this argument.

## III.

The judgment is **affirmed**.