[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11003
Non-Argument Calendar

_____

D.C. Docket No. 1:15-cr-20815-JLK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DENARD STOKELING,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 6, 2020)

Before WILLIAM PRYOR, GRANT and TJOFLAT, Circuit Judges.

PER CURIAM:

Denard Stokeling challenges his conviction, following his plea of guilty, and his sentence of 180 months of imprisonment for being a felon in possession of a firearm and ammunition. 18 U.S.C. §§ 922(g)(1), 924(e)(1). In an earlier appeal by the government, we vacated Stokeling's sentence of 73 months of imprisonment because the district court erred by failing to count his prior conviction in Florida for robbery, Fla. Stat. § 812.13, as a violent felony and to sentence him as an armed career criminal. *United States v. Stokeling*, 684 F. App'x 870 (11th Cir. 2017). The Supreme Court affirmed and remanded for resentencing. *Stokeling v. United States*, 139 S. Ct. 544 (2019). Stokeling then filed this appeal. But before Stokeling filed his initial brief, the Supreme Court decided *Rehaif v. United States*, 139 S. Ct. 2191 (2019), which abrogated our precedent holding that the government did not have to prove a defendant's knowledge of his status as a felon, *United States v. Reed*, 941 F.3d 1018, 1021 (11th Cir. 2019). Stokeling now argues that we should vacate his conviction because his indictment failed to allege and because he was not advised during his change of plea hearing that he had to know he was a felon barred from possessing firearms and ammunition. Stokeling also argues that his prior conviction for robbery is not a violent felony under the Armed Career Criminal Act. We affirm.

2

## I. BACKGROUND

Stokeling pleaded guilty to "knowingly possess[ing] a firearm and ammunition in and affecting interstate and foreign commerce . . . [after] having been previously convicted of a crime punishable by imprisonment for a term exceeding one year . . . ." 18 U.S.C. §§ 922(g)(1), 924(e)(1). In his factual proffer, Stokeling admitted "he had been previously convicted of home invasion, kidnapping, and robbery and . . . sentenced to twelve years in prison" for those "felony offense[s]" before possessing the firearm and ammunition. During his change of plea hearing, Stokeling acknowledged that he had not been induced or coerced to plead guilty; that he understood the charges against him; and that the factual proffer described his offense accurately. Stokeling also acknowledged he was "voluntarily entering [his] plea with knowledge of the potential penalty" under the Armed Career Criminal Act and "underst[ood] that should the Court find that he is subject to the enhancement, that he would then be subject to the 15-year mandatory minimum with the possible maximum sentence of life."

The district court rejected the recommendations in Stokeling's presentence investigation report to classify him as an armed career criminal and to impose a sentence between 180 and 188 months of imprisonment. *Id.* § 924(e). The district court examined the facts underlying Stokeling's conviction in 1997 for robbery with a deadly weapon, Fla. Stat. § 812.13, and decided it did "not qualify under the

existing law" as a violent felony under the Act. The district court recalculated Stokeling's advisory sentencing range without the statutory enhancement and sentenced him to 73 months of imprisonment. The government appealed.

We vacated Stokeling's sentence and remanded for the district court to resentence him as an armed career criminal. *Stokeling*, 684 F. App'x at 872. We stated that a long line of our precedents held that a conviction in Florida for robbery categorically qualified as a violent felony under the elements clause of the Act, even if based on "the least culpable of the[] acts criminalized by Florida Statutes § 812.13(1)." *Id.* at 871 (citations and internal quotation marks omitted). And we stated that those precedents foreclosed Stokeling's argument that, before 1999, a robbery could have been committed without violent force by a sudden snatching, *see* Fla. Stat. § 812.131, because the robbery statute never included theft by mere snatching and always required the use or threatened use of physical force to overcome resistance by the victim. *Stokeling*, 684 F. App'x at 871 (discussing *United States v. Fritts*, 841 F.3d 937, 942–44 & n.7 (11th Cir. 2016)).

The Supreme Court affirmed our judgment. *Stokeling*, 139 S. Ct. 544. The Supreme Court highlighted that the term "physical force" in the elements clause of the Act means "force capable of causing physical pain or injury to another person." *Id.* at 553–54 (discussing *Johnson v. United States*, 559 U.S. 133 (2010)). The Court next explained that the force used need only be "sufficient to overcome a

4

victim's resistance" and create the potential for, but not necessarily cause, pain or injury. *Id.* at 554. And it concluded that "[r]obbery under Florida law . . . qualifie[d] as a 'violent felony'" because the defendant had to use or threaten to use physical force to overpower his victim, which "correspond[ed] to that level of force" required in the elements clause of the Act. *Id.* at 554–55.

On remand to the district court, Stokeling filed supplemental objections to his presentence report. He argued that a conviction under the Florida robbery statute did not qualify as a violent felony because it punished only "putting [a victim] in fear," Fla. Stat. § 812.13(1). The government responded that Stokeling's argument was barred by the law of the case.

The district court overruled Stokeling's objections and sentenced him to 180 months of imprisonment. The district court asked Stokeling for "any other objection," and he responded, "There is currently a case before the Supreme Court called Rehaif versus United States . . . out of the Eleventh Circuit" and its "precedent is to the contrary."

## II. STANDARDS OF REVIEW

We review for plain error Stokeling's new arguments concerning the sufficiency of his indictment, *see Reed*, 941 F.3d at 1020, and the voluntariness of his guilty plea, *see United States v. Moriarty*, 429 F.3d 1012, 1018–19 (11th Cir. 2005). To prevail under plain error review, Stokeling must prove an error occurred

that was plain and that affected his substantial rights. *See Reed*, 941 F.3d at 1021. We review *de novo* whether the law of the case doctrine barred Stokeling from relitigating the classification of his prior conviction as a violent felony. *See United States v. Green*, 764 F.3d 1352, 1355 (11th Cir. 2014).

### III. DISCUSSION

Stokeling makes two arguments. First, he argues that we must vacate his conviction because his indictment failed to allege that he knew he was a felon, as required by *Rehaif*, and because he entered his plea without being apprised of all the elements of his crime. Second, he argues that he was erroneously resentenced as an armed career criminal because a robbery by "putting in fear," Fla. Stat. § 812.13(1), cannot qualify as a violent felony.

Stokeling waived the defect in his indictment. Stokeling's plea of guilty waived all nonjurisdictional defects in his proceeding. *See United States v. Brown*, 752 F.3d 1344, 1347 (11th Cir. 2014). He may obtain relief from his guilty plea only if he identifies a defect that affected the power of the district court to enter its judgment. *See id.* at 1350–51 (discussing *United States v. Cotton*, 535 U.S. 625, 630–31 (2002)). *Rehaif* clarified that a defendant's knowledge of his status as a felon is an element of the offense of being a felon in possession of a firearm, 139 S. Ct. at 2200, but the omission of a mens rea element from an indictment does not divest the district court of subject matter jurisdiction to adjudicate a criminal case.

*See Brown*, 752 F.3d at 1350–51, 1353–54. Stokeling's indictment was defective because it failed to allege that he knew he was a felon, but Stokeling waived that nonjurisdictional defect by pleading guilty.

The government concedes that, because a defendant's knowledge of his status as a felon is an element of the crime of being a felon in possession, *Rehaif*, 139 S. Ct. at 2200, the district court erred under *Rehaif* when it failed to advise Stokeling during his plea colloquy that the government had to prove that he knew he was a felon when he possessed the firearm and ammunition. Federal Rule of Criminal Procedure 11 requires the district court to "inform the defendant of . . . and determine that [he] understands . . . the nature of each charge to which [he] is pleading" during the change of plea hearing. Fed. R. Crim. P. 11(b)(1)(G). Nevertheless, we agree with the government that Stokeling cannot obtain a vacatur of his conviction because he "show[s] [no] reasonable probability that, but for the error, he would not have entered [his] plea." *Moriarty*, 429 F.3d at 1020 (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004)).

Stokeling does not argue that he would not have pleaded guilty had he been told he had to know he was a felon barred from possessing firearms and ammunition. His silence is unsurprising because he admitted in his factual proffer and affirmed during his plea colloquy that he had three prior convictions for serious felonies, he had served 12 years in prison, and he was subject to a sentence

7

enhancement for being an armed career criminal. *See United States v. Gonzalez–Mercado*, 808 F.2d 796, 800 n.8 (11th Cir. 1987) ("there is a strong presumption that the statements made during the colloquy are true"). Because the record establishes that Stokeling knew of his status as a felon, he cannot prove that he was prejudiced by the error during his plea colloquy.

Stokeling's remaining challenge to his sentence is barred by the law of the case. Under that doctrine, a party is barred from relitigating an issue that a court necessarily or by implication decided against him in an earlier appeal. *United States v. Jordan*, 429 F.3d 1032, 1035 (11th Cir. 2005). Our earlier decision, which the Supreme Court affirmed, *Stokeling*, 139 S. Ct. 544, that Stokeling's prior conviction for robbery constitutes a predicate offense under the Armed Career Criminal Act is the law of the case. And that determination bars Stokeling's argument that robbery by putting in fear does not involve violent force.

None of the exceptions to the law of the case doctrine apply. Stokeling identifies no new evidence or an intervening change in the law. *See Stoufflet v. United States*, 757 F.3d 1236, 1240 (11th Cir. 2014). Nor does a manifest injustice result from applying the law of the case doctrine to Stokeling. *See id.*

## IV. CONCLUSION

We **AFFIRM** Stokeling's conviction and sentence.